*In re* ROOD ESTATE

HANNAH *v.* ATTORNEY GENERAL

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 February 6, 1969, at Lansing. (Docket No. 5,197.) Decided March 28, 1969. Leave to appeal denied September 10, 1969. See 382 Mich 782.

Complaint by John A. Hannah, Gorton Riethmiller, and Robert D. Swanson, executors of the will of John R. Rood, deceased, and trustees named in the will, against Frank J. Kelley, Attorney General, on behalf of the people of the State of Michigan and the uncertain and indefinite beneficiaries interested in the charitable trust created by the will, and Michael Dionise, prosecutor for Lapeer County, to obtain construction and interpretation of the will Royal Rood and Marion Belle Rood, sole heirs-at-law, were joined as parties defendant. Cross-complaint by Royal Rood and Marion Belle Rood by which they sought the assets of the estate and an accounting dismissed by summary judgment. Defendants Royal Rood and Marion Belle Rood appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney, George V. Warren,* and *Stewart H. Freeman,* Assistant Attorneys General, for defendant-appellee Attorney General.

*Andrew J. Transue,* for defendants-appellants Royal Rood and Marion Belle Rood.

BEFORE: Quinn, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. This is an appeal by Royal Rood and Marion Belle Rood, hereinafter designated cross-plaintiffs, from an order dismissing their cross-complaint.

Plaintiffs filed this action to obtain construction and interpretation of the last will and codicil of John R. Rood. Cross-plaintiffs filed an answer and a cross-complaint by which they sought the assets of the estate and an accounting. Their theory for affirmative relief was that plaintiffs intend not to carry out the terms of the will, to disregard the terms of the will, and that the action by plaintiffs to obtain construction and interpretation of the will and codicil amounted to a renunciation of the will and codicil. It was cross-plaintiffs' claim that intestacy resulted from the foregoing.

Plaintiffs moved for summary judgment under GCR 1963, 117, and the appeal is from the grant of this motion.

The will was admitted to probate March 19, 1962, and the codicil was admitted April 2, 1962. The time for appeal from admission to probate has long since elapsed. MCLA § 701.44 (Stat Ann 1969 Cum Supp § 27.3178[44]). The validity of the will and codicil is not subject to attack.

The trial court held that the will and codicil created a charitable trust. With this holding we agree, and it precludes the relief sought by cross-plaintiffs in their cross-complaint.

Affirmed, with costs to plaintiffs.